98 F.3d 1335
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Wayne ANDERSON, Defendant-Appellant.
 No. 96-4355.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 20, 1996.
Decided Oct. 7, 1996.
 
 G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Janice McKenzie Cole, United States Attorney, Christine B. Hamilton, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Samuel Wayne Anderson appeals as plainly unreasonable the 24-month sentence he received after his supervised release was revoked. We affirm.
 
 
 2
 Anderson was previously convicted of intent to defraud the United States in violation of 18 U.S.C.A. § 510(a)(1) (West Supp.1996). In sentencing him, the district court departed upward pursuant to USSG § 4A1.3, p.s.* Anderson received a sentence of 37 months imprisonment and 3 years of supervised release. On March 13, 1995, Anderson was released from custody. Because he intended to reside in Wilmington, North Carolina, officials of the Bureau of Prisons took Anderson to the airport in Savannah, Georgia. He had arranged to fly to Wilmington and his probation officer was to meet him at the airport. However, Anderson never boarded the plane. Instead, he went into the airport bar and began a two-week drinking binge. Only when he had used up most of his prison earnings did he start out on a bus toward Wilmington. He called his probation officer after he became stranded in Sumter, South Carolina, and eventually surrendered to law enforcement authorities there.
 
 
 3
 The district court revoked Anderson's supervised release because he failed to report to his probation officer. The sentencing range under USSG § 7B1.4, p.s. was 8-14 months. Both the government and the probation officer recommended a sentence above the range. Defense counsel argued that a sentence within the range was appropriate because Anderson's conduct was attributable to his alcoholism and because he did not commit any new crimes. The district court imposed the statutory maximum of 24 months.
 
 
 4
 Anderson argues on appeal that the sentence was plainly unreasonable because his violations were not "egregious." However, a sentence above the range is suggested in Application Note 2 to USSG § 7B1.4 when the original sentence included a departure pursuant to USSG § 4A1.3, as was the case here. Once the district court has considered the range set out in the policy statement, it is "free to exercise its informed discretion" in imposing sentence. United States v. Davis, 53 F.3d 638, 642 (4th Cir.1995). We do not find that the 24-month sentence was plainly unreasonable.
 
 
 5
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1995)